

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Action No.: 5:17-01204-MGL-1 |
| § | |
| ANTHONY JOHNSON, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Pending before the Court is Defendant Anthony Johnson's (Johnson) pro se letter asking the court asking to serve the remainder of sentence in home confinement.  Because Johnson's letter asks for home confinement based on the Covid-19 pandemic, mirroring his previously filed motion to reduce his sentence which the Court denied, the Court will construe the letter as a motion for reconsideration.  Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court Johnson's motion for reconsideration will be denied.

## II. PROCEDURAL HISTORY

The grand jury indicted Johnson on one count of conspiracy to commit bank fraud in violation of 18 U.S.C.§ 1349 (Count One), two counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of conspiracy to possess stolen mail and possess forged securities in violation of 18 U.S.C. § 371.

Johnson pled guilty to Count One of the indictment. This Court sentenced him to a term of imprisonment of forty-one months and a term of supervised release of five years.

Johnson filed a letter with the Court requesting home confinement due to the Covid-19 pandemic. On June 8, 2020, the Court construed that letter as a motion for a sentence reduction and denied the motion. On June 12, 2020, the Court received this letter, which it construes as a motion for reconsideration.

### III.    STANDARD OF REVIEW

Although some circuits broadly allow for motions for reconsideration in criminal cases, *see United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper.") (internal quotes omitted), the Fourth Circuit has limited the propriety of trial court jurisdiction over motions to reconsider in criminal cases to before the entry of judgment. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985).

Under the guidance of *Breit*, a judgment is entered "when the time to appeal expires." *Id.* at 530-31. The Federal Rules of Appellate Procedure require a criminal defendant to file any notice of appeal within fourteen days from entry of the order. Fed. R. App. P. 4(b)(1)(A).

As the Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration, the Court will look to the rules governing civil cases as a substantive guidepost. Utilizing Rule 59(e), the Fourth Circuit has found three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

### IV. DISCUSSION AND ANALYSIS

Preliminarily, Johnson filed the motion for reconsideration four days after the Court's previous ruling, within the fourteen-day period to file a notice of appeal.

Johnson presents no intervening change in controlling law nor any argument of clear error in the Court's ruling on his original motion. Johnson, likewise, failed to present any evidence not available at trial, pertinent to the Court's previous ruling. Accordingly, the Court identifies no valid basis to reconsider its previous order.

Further, the Court notes its previous order denied Johnson's motion for a sentence reduction without prejudice for failure to exhaust administrative remedies. Under the statute permitting a court to reduce a sentence, a defendant must either "fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [permit] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," before filing a motion to a court. 18 U.S.C. § 3582(c)(1)(A). Under the Court's previous order, Johnson may submit a new motion to reduce his sentence once he has followed the requirements of the statute.

### V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Johnson's motions for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Signed this 9th day of July 2020 in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE